IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA f/u/b/o
KOGOK CORPORATION,

        Plaintiff,

v.                                    Civil Action No. 1:13-cv-240

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, et al.

        Defendants.

## ORDER/OPINION

This matter is before the Court pursuant to Defendants' "Motion to Strike Plaintiff's Expert

Witnesses," filed on July 10, 2014.  (Docket No. 38.)  Plaintiff filed its response on July 18, 2014.

(Docket No. 47.)  Defendants filed a reply on July 25, 2014.  (Docket No. 53.)  This matter was

referred to the undersigned by United States District Judge Frederick P. Stamp, Jr. on July 17, 2014.

(Docket No. 43.)  On July 28, 2014, counsel for the parties appeared via telephone for a hearing on

the instant motion.

## I.   Relevant Procedural History

On October 21, 2013, Plaintiff filed a Complaint against Defendants pursuant to the Miller

Act, 40 U.S.C. § 3131 *et seq.*  The underlying dispute arises out of an ongoing construction project

for the United States, referred to as the Biometrics Technology Center ("the Project"), in Clarksburg,

West Virginia.  Turner Construction Company ("Turner") serves as the general contractor for the

Project, and the Defendants issued a payment bond on behalf of Turner.  Turner entered into a

subcontract with Bell Constructors, LLC ("Bell") to perform certain mechanical work for the Project.

Bell, in turn, entered into a subcontract with Plaintiff to perform a portion of the mechanical work.

In the Complaint, Plaintiff asserts that it is entitled to damages for alleged delays and labor inefficiencies it has allegedly incurred in performing work at the Project. (Docket No. 1.) Defendants filed an Answer to the complaint on November 25, 2014. (Docket No. 14.)

On January 29, 2014, Judge Stamp issued a Scheduling Order, which provides, in relevant part, the following deadlines for disclosures regarding experts:

> The party bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **June 5, 2014**.
>
> The party not bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **June 26, 2014**.
>
> All parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B) no later than **July 10, 2014**.

(Docket No. 25 at 3.) The Scheduling Order also provides that discovery is to be completed by July 31, 2014, that a final pretrial conference will occur on October 27, 2014, and that a bench trial will be held on November 12, 2014. (Id. at 1, 8.)

On April 16, 2014, Defendants filed a "Motion for Partial Summary Judgment and to Stay All Proceedings" (Docket No. 28), which is pending before Judge Stamp. On April 21, 2014, Plaintiff issued subpoenas duces tecum to Bell and Turner, demanding production by May 23, 2014. (Docket Nos. 30 and 31.) On May 2, 2014, the parties jointly consented to extend the time for Plaintiff to respond to Defendants' motion for partial summary judgment and to stay to May 21, 2014. (Docket No. 31 at 1.) The parties also consented to extend the time within which Bell and Turner had to respond to the subpoena duces tecum to June 23, 2014. (Id. at 2.) On May 5, 2014,

Judge Stamp entered an Order approving the parties' consent. (Docket No. 33.) Plaintiff filed a response to Defendants' motion for partial summary judgment and to stay on May 21, 2014. (Docket No. 34.) Defendants filed a reply on June 4, 2014. (Docket No. 35.)

On June 26, 2014, Plaintiff served its initial disclosures on Defendants. (Docket No. 36.) On July 18, 2014, Plaintiff filed a motion to modify the Scheduling Order for this case, which remains pending before Judge Stamp. (Docket No. 48.) On July 23, 2014, Judge Stamp sent a letter to all counsel, stating that "Defendants' motion for partial summary judgement (ECF No. 28) is granted but a ruling on their motion to stay all proceedings is deferred pending further consideration and, possibly, the receipt of additional information." (Docket No. 51 at 2.) Judge Stamp also noted that he would be issuing a detailed written memorandum opinion and order as soon as possible. (Id.)

## II.     Contentions of the Parties

In its motion, Defendants assert that the Court "should strike Kogok's expert witness designation and preclude it from calling expert witnesses." (Docket No. 38 at 1.) Specifically, Defendants argue that:

1.     Plaintiff's expert disclosures are untimely;

2.     Plaintiff's expert witness disclosures are inadequate; and

3.     Defendants have been prejudiced by Plaintiff's failure to abide by the Scheduling Order and Fed. R. Civ. P. 26(a)(2)(B).

(Docket No. 38 at 4-7.)

In its response, Plaintiff argues:

1.     Its late filing "was completely unintentional, inadvertent, and was not done to gain any advantage or to place the Sureties at any disadvantage in this case";

2. Defendants are not prejudiced by the late disclosure; and

3. Plaintiff cannot supplement its disclosures until Turner and Bell respond to subpoenas.

(Docket No. 47 at 3-12.)

In its reply, Defendants argue:

1. Plaintiff's failure to provide the information required by Fed. R. Civ. P. 26(a)(2)(B) is not substantially justified or harmless.

(Docket No. 53 at 4-8.)

## III. Analysis

Fed. R. Civ. P. 26(a)(2)(B) provides:

*Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(e)(1) provides:

A party who has made a disclosure under Rule 26(a)–or who has responded to an

interrogatory, request for production, or request for admission–must supplement or correct its disclosure or response:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

> (B) as ordered by the court.

Furthermore, Fed. R. Civ. P. 37(c)(1) provides:

> *Failure to Disclose or Supplement*. If a party fails to provide information or identify at witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

> (B) may inform the jury of the party's failure; and

> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

The Fourth Circuit has stated that "[t]he language of Rule 37(c)(1) provides two exceptions to the general rule excluding evidence that a party seeks to offer but has failed to properly disclosure: (1) when the failure to disclose is 'substantial[ly] justifi[ed],' and (2) when the nondisclosure is 'harmless.'" S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003). The Court further held that

> in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Id. at 597.  The undersigned has considered each of these factors in turn.

As to the surprise to Defendants, the undersigned finds that there is no substantial surprise to Defendants by Plaintiff's late expert disclosure.  From the parties' representations during the hearing, the sole surprise appears to be that Plaintiff's Complaint was specific in the amount of damages being sought, and that Defendants expected that an expert had already analyzed the case and expressed an opinion as to those damages and their cases.  Plaintiff adequately explained that the amount claimed in the Complaint was based on its analysis under the "total cost" method.  Plaintiff sought information from Turner and Bell to provide to its expert for use in preparing a more refined claim for both amount and cause and effect using one of the other methods, such as the "measured mile" approach, typically used in cases involving construction contract claims.  Counsel for the parties indicated that there is no statutory or common law requirement that a party have an expert certify in a written report that there is a legal and factual basis for a claim before such claim can be made or a Complaint filed.

As to the ability of Defendants to cure such surprise, the undersigned notes that if the instant motion is denied and Plaintiff is permitted to file a late report based upon the information it already has and the current Scheduling Order remains in place, Plaintiff's expert report would (1) likely be incomplete and subject to attack by Defendants based upon its incompleteness and (2) Defendants would not have time to conduct depositions of Plaintiff's experts or prepare and file their own rebuttal expert reports.  Likewise, if the Court were to deny the instant motion, Plaintiff were permitted to file a late expert report based upon the information to be received pursuant to the subpoenas issued to Turner and Bell, and the current Scheduling Order remained in place, Plaintiff's report would (1) likely be complete and (2) Defendants would not have time to conduct depositions

6

of the expert or prepare and file their own rebuttal expert reports. Finally, if the Court were to deny the instant motion and Plaintiff were permitted to file a late expert report based upon the information to be received from Turner and Bell after Judge Stamp has ruled on Defendants' motion for partial summary judgment, Plaintiff's report would (1) likely be complete and (2) Defendants would still not have time to conduct depositions of the expert or prepare and file their own rebuttal expert reports.

As to the extent which allowing the evidence would disrupt the trial, the Court notes that a final pretrial conference has been scheduled for October 12, 2014, and a bench trial has been scheduled for November 12, 2014. The undersigned finds that those dates would almost certainly be affected by a denial of the instant motion. Other than a delay in resolution, Defendants were unable to identify any other prejudice, such as a loss of evidence or loss of witnesses through faulty memory, death, or disability, caused by Plaintiff's late expert disclosure. The undersigned notes that this case largely involves electronic and hard-copy records and that such records are available because the Project is ongoing.

As to the importance of the evidence, the undersigned finds that without receiving the information being sought by subpoenas duces tecum from non-parties Bell and Turner, Plaintiff's case, particularly its expert disclosures, will be incomplete and subject to attack for incompleteness. Accordingly, the evidence is essential to Plaintiff's prosecution of its claims.

Finally, as to the nondisclosing party's explanation for its failure to disclose, Plaintiff's counsel acknowledged that he and members of his firm's staff made a mistake in calendaring the dates set forth in the Court's Scheduling Order. At the hearing, Plaintiff's counsel represented that the firm had taken steps to ensure that such a mistake would not occur in the future. Accordingly,

the undersigned finds that Plaintiff's mistake was inadvertent. Even if the scheduling mistake had not occurred, the absence of information from non-parties Turner and Bell would have resulted in Plaintiff's expert disclosures being incomplete. Plaintiff's counsel represented that he began seeking this information in February 2014. Defendants filed their motion for partial summary judgment on April 16, 2014. When Plaintiff did not receive the information, Plaintiff served subpoenas duces tecum on Turner and Bell on April 21, 2014. By stipulation dated May 2, 2014, counsel for the parties agreed to delay responses to the subpoenas until June 23, 2014, believing that they would have the benefit of a decision on Defendants' motion for partial summary judgment which would guide them as to the future scope of this case. The undersigned finds that there is no evidence of any other basis for Plaintiff's delay in filing its expert disclosure under Rule 26(a)(2)(B).

Based upon these conclusions, the undersigned finds that the pending motion for partial summary judgment in combination with the actions of the parties in stipulating to delays of production of documents by non-parties Turner and Bell provides justifiable excuse for Plaintiff's late expert disclosures because (1) a decision on that motion may significantly narrow the scope of discovery sought from non-parties for expert review for Plaintiff to prove its claims and (2) the parties delayed the productions by Bell and Turner to see what the scope of the case was after the Court's ruling on the motion for partial summary judgment. Accordingly, the undersigned finds that the only way to fairly, effectively and efficiently cure the effects of Plaintiff's late expert disclosure is to (1) deny the instant motion.

## IV.   Conclusion and Order

For the foregoing reasons, Defendants' "Motion to Strike Plaintiff's Expert Witnesses" (Docket No. 38) is **DENIED**.

It is so **ORDERED**.

The Clerk of the Court is directed to provide copies of this Order/Opinion to counsel of record and to remove Docket No. 38 from the list of motions actively pending before this Court.

DATED: July 29, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE