IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA
f/u/b/o KOGOK CORPORATION,

        Plaintiff,

v.                                      Civil Action No. 1:13CV240
                                                          (STAMP)
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,
FEDERAL INSURANCE COMPANY,
FIDELITY & DEPOSIT COMPANY
OF MARYLAND,
ZURICH AMERICAN INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY
and THE CONTINENTAL INSURANCE COMPANY,

        Defendants.


                   **MEMORANDUM OPINION AND ORDER**
      **GRANTING THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT,**
**DIRECTING THE PLAINTIFF TO FILE A REFORMULATED AMENDED COMPLAINT**
         **AND DEFERRING A RULING ON THE PLAINTIFF'S MOTION**
                   **TO AMEND THE SCHEDULING ORDER**

                         I.  Background[1]

    The plaintiff, United States of America f/u/b/o Kogok Corporation ("Kogok"), filed this action against the defendants ("the sureties") pursuant to the Miller Act, 40 U.S.C. § 3133, to recover payment for labor and materials it rendered to the Federal Bureau of Investigation's ("FBI") Biometric Technology Center, New Office Building and Central Utilities Plant Expansion (the "project") located in Clarksburg, West Virginia. Turner

---

[1]For a more thorough factual summary of this civil action, see this Court's prior memorandum opinion and order granting the sureties' partial motion for summary judgment. ECF No. 61.

Construction Company ("Turner") and the FBI entered into a construction contract, in which Turner agreed to construct the project. Turner then entered into a subcontract agreement with Bell Constructors, LLC ("Bell"), in which Bell agreed to perform the mechanical work on the project. Next, Bell entered into a separate subcontract agreement with Kogok, in which Kogok agreed to provide sheet metal, ductwork, and related services for the project for the price of $3.22 million. The sureties issued a payment bond on behalf of Turner, the general contractor, for the project. Kogok seeks recovery from the sureties in the amount of $1,920,177.02, asserting that it is entitled to payment of this sum under the payment bond and the Miller Act.

Previously, the sureties filed a motion for partial summary judgment and to stay all proceedings, seeking summary judgment against Kogok with respect to: (1) all claims that arose on or before October 31, 2013; (2) Kogok's claims for damages for delay; and (3) Kogok's claim for damages allegedly resulting from labor inefficiency. ECF No. 28. In its memorandum opinion and order, this Court granted the sureties' motion for partial summary judgment but denied their motion to stay all proceedings. ECF No. 61. At issue now is Kogok's motion to file an amended complaint and motion to amend the scheduling order. ECF Nos. 62 and 70, respectively. Those two motions are discussed below in the order presented.

A. <u>Motion to File an Amended Complaint</u>

In its motion to amend the complaint, Kogok claims that in light of this Court's memorandum opinion and order, amendments need to be made to the complaint. Specifically, Kogok seeks to add six counts against Bell, which include breach of contact claims and equitable claims. Kogok also asserts that the proposed additions are neither futile nor made in bad faith. In addition to those new counts, Kogok wishes to update the total amount of damages it seeks against the sureties and now Bell. Kogok also contends that the sureties will not be prejudiced by those additions, pointing out that the sureties and Bell knew about the underlying facts of the proposed amended complaint. For those reasons, Kogok requests that it have the opportunity to file an amended the complaint.

The sureties then filed a response in opposition. ECF No. 63. In that response, the sureties claim that Kogok seeks to do more than add claims against Bell. Instead, the sureties assert that Kogok is attempting to re-assert its previous claims so as to revive claims that were previously ruled on by this Court. Further, the sureties argue that the proposed amended complaint would not withstand either a motion to dismiss or motion for summary judgment. For those reasons, the sureties claim that this Court should deny Kogok's motion. Kogok then filed a reply in support of its motion. ECF No. 66. In that reply, Kogok claims that it is not attempting to revive already dismissed claims or

3

allegations. Rather, Kogok contends that the already ruled on claims are being reasserted in order to preserve those claims in case Kogok decides to appeal or file a motion to reconsider. Kogok also argues that the amended complaint provides updated damages against the sureties, and that the amended complaint complies with the liberality rule under Rule 15 of the Federal Rules of Civil Procedure ("Rule 15"). For those reasons, Kogok believes that it should be allowed to file an amended complaint.

B.  Motion to Amend the Scheduling Order

In its motion to amend the scheduling order, Kogok requests that this Court modify certain deadlines, primarily referring to the discovery deadline. Kogok contends that the sureties and Bell have not been forthcoming with certain documents. Further, the FBI, as owners of the project, required Kogok and its scanning vendors to receive security clearance. In addition to that delay, Kogok claims that counsel for Bell allegedly declined certain requests for the documents. Due to the above delays, Kogok believes it may need additional time for discovery, which will affect the current scheduling order. Kogok also points out that its motion to amend the complaint remains pending. If the Court grants its motion to amend the complaint, the civil action will now include Bell. Thus, Kogok believes that adding Bell as an additional party will likely require additional discovery. For those reasons, Kogok requests that the scheduling order be amended.

The sureties filed a response in opposition. ECF No. 73. The sureties argue that Kogok had opportunities to seek FBI clearance and to view the documents since September 2014. The sureties point to the protective order (ECF No. 60), which allegedly satisfied any security needs that the FBI required. Despite that, the sureties assert that Kogok waited until the end of the discovery period to arrange for the inspection of the documents. Next, the sureties argue that this Court's order granting partial summary judgment resulted in a waiver of all of Kogok's claims arising before October 31, 2014. Because of that, the sureties argue that even if Kogok includes Bell in its amended complaint, the claims that it may assert against those parties are so narrow that no extension of discovery is needed. Kogok later filed a reply. ECF No. 76. Kogok argues that although it bears some responsibility for the delays in discovery, other factors contributed to that delay. Kogok then reasserts that its additional claims against Bell will likely warrant additional discovery. Finally, Kogok contends that the sureties will face no prejudice if this Court amends the scheduling order. Because of that, Kogok believes this Court should grant its motion.

For the reasons set forth below, Kogok's motion to file an amended complaint is granted, but as framed. Further, this Court defers ruling on Kogok's motion to amend the scheduling order.

## II. Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2007); In re Tamoxifen Citrate Antitrust Litig., 429 F.3d 370, 404 (2d Cir. 2005); Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

## III. Discussion

As discussed earlier, Kogok's motion to file an amended complaint and its motion to amend the scheduling order are

currently at issue. Those two motions are discussed below in the order presented.

A.  Motion to File an Amended Complaint

In its motion to file an amended complaint, Kogok seeks to assert six new counts against Bell, as well as re-plead the six prior counts against the sureties. The sureties oppose Kogok's motion, claiming that Kogok is attempting to revive claims against the sureties that were previously ruled on by this Court. Kogok, however, argues that its intentions have been misconstrued. Rather than revive previously ruled upon claims, Kogok claims that it included Counts I through VI in order to preserve them for purpose of filing an appeal or a motion for reconsideration. In support of its argument, Kogok cites Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir. 2001), arguing that it must comply with the "re-pleading rule" as articulated in Young. Further, Kogok points out that the amended complaint provides updated damages. Regarding its newly asserted claims against Bell, listed under Counts VII through XII,[2] Kogok contends that Bell was well aware that Kogok would potentially file claims against it. To that argument, Kogok points to the nature of the new claims, which are breach of contract and equitable claims, and to Bell's involvement in this civil action. Further, because Rule 15 arguably provides generous opportunities

---

[2] It should be noted that in its proposed amended complaint, Kogok has two counts labeled as "Count XI." This Court interprets the second one labeled as such to be actually titled "Count XII."

to file an amended complaint, Kogok argues that it should be afforded such an opportunity.

This Court agrees that Kogok should be permitted to file an amended complaint. As indicated earlier, "[d]istrict courts 'ha[ve] broad discretion to decide whether to grant leave to amend.'" <u>Kant</u>, 2010 WL 807442, at *4 (quoting <u>In re Tamoxifen Citrate Antitrust Litig.</u>, 429 F.3d 370, 404 (2d Cir. 2005)). Although leave to amend the complaint should be liberally granted, situations exist where such an opportunity should be denied. <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2007). Those situations include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). After comparing the current complaint and Kogok's proposed amended complaint, Kogok seeks to add six new counts pertaining to Bell, as well as six prior counts against the sureties. Kogok repeatedly states, however, that it does not seek to revive those prior counts against the sureties. This Court will take Kogok's stated intention at face value, and thus permit it to file its amended complaint.

However, Kogok's reliance upon <u>Young v. City of Mount Ranier</u>, 238 F.3d 567 (4th Cir. 2001), is somewhat misplaced. Kogok cites

8

to Young for the proposition that failure to re-plead its claims that were ruled on by this Court may result in waiving those claims for purposes of either an appeal or motion to reconsider. ECF No. 66 at *3. Because the re-pleading rule, as articulated in Young, may apply, Kogok believes it must re-plead Counts I through VI against the sureties, to the extent that those counts were previously ruled on by this Court. In Young, the United States Court of Appeals for the Fourth Circuit found that "if a claim is dismissed without leave to amend, the plaintiff does not forfeit the right to challenge the dismissal on appeal simply by filing an amended complaint that does not re-allege the dismissed claim." 238 F.3d at 572-73. Regarding those claims that this Court already ruled on, Kogok was not provided leave to amend. The exception to the general rule of waiver adopted in Young applies, thus making it technically unnecessary for Kogok to re-plead its claims under Counts I through VI. Nonetheless, out of an extreme abundance of caution, this Court will permit Kogok to file an amended complaint with those previous claims included but subject to the obligation to file a reformulated amended complaint as set forth below.

The sureties stress the futility of the new counts under the amended complaint, where they allege that those new counts cannot withstand either a motion to dismiss or motion for summary judgment. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford

9

Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) (citing Thiokol Corp. v. Dep't of Treasury, State of Mich., Rev. Div., 987 F.2d 376, 382-83 (6th Cir. 1993)); see also Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368 (5th Cir. 2014); Everett v. Prison Health Services, 412 F. App'x 604, 606 (4th Cir. 2011) ("Where a proposed amendment is made beyond the statute of limitations and it would not relate back to the original complaint, such an amendment would be futile."); Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). Based on that standard, courts "review the proposed amended complaint under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" Marucci Sports, L.L.C., 751 F.3d at 378 (quoting Stripling v. Jordan Prod. Co., L.L.C., 234 F.3d 863, 873 (5th Cir. 2000)).

After analyzing Kogok's proposed amended complaint, the additional counts against Bell are legally sufficient to state a claim. The proposed amended complaint provides sufficient factual information so as to state the breach of contract claims, as well as the equitable claims that Kogok asserts. In particular, Kogok describes its relationship with Bell in more detail, and also states the alleged conduct of Bell that may establish a breach of contract. Those claims are at least colorable, and they appear to state a claim upon which relief may be granted. Therefore,

pursuant to the discretion that this Court possesses, Kogok should be afforded an opportunity to file an amended complaint.

In addition to filing an amended complaint, however, Kogok must also file a "reformulated amended complaint." See, e.g., Stinnet v. Brooks Kushman, P.C., 2011 WL 672230, at *2 (E.D. Mich. Feb. 17, 2011). As noted, Kogok claims that it seeks to file an amended complaint so as to preserve certain claims for potential appeal and reconsideration purposes, as well as to assert new claims against Bell. For those purposes, this Court permits Kogok to file an amended complaint. In order to clarify the remaining claims and allegations, however, Kogok must file a reformulated amended complaint that reflects this Court's prior rulings, including but not limited to its ruling on the sureties' motion for partial summary judgment. Specifically, the reformulated amended complaint shall eliminate all claims that have been previously dismissed to provide a clearer picture as to what remains. Kogok must file that reformulated amended complaint within ten days of filing its amended complaint.[3] If the parties wish to file any motions as to Kogok's claims, they should do so with regard to the reformulated amended complaint, rather than the amended complaint.

---

[3]There is no need to effect service of the amended complaint upon defendant Bell. Rather, Kogok shall effect service of the reformulated amended complaint upon Bell in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

The amended complaint, although ordered filed, will not be further considered in this civil action.

B.  Motion to Amend the Scheduling Order

As discussed earlier, Kogok also filed a motion to amend the scheduling order.  ECF No. 71.  This Court notes that as to the initial complaint filed in this civil action, Kogok appears to be dilatory in seeking a modified scheduling order.  Further, the motion to amend the scheduling order was filed prematurely, because this Court had not yet acted on Kogok's motion to amend the complaint.  Nonetheless, because this Court is granting Kogok's motion to amend its complaint and directing Kogok to file a reformulated amended complaint, an amended scheduling order may be necessary.  This Court, however, will defer ruling on Kogok's motion to amend the scheduling order.  Instead, the parties to the reformulated amended complaint are directed to meet and confer about any proposed amendments to the scheduling order.  Following that meeting, the parties will contact the Court with their requested amendments and modifications to the scheduling order.  This Court will then decide what action, if any, is necessary.

IV.  Conclusion

For the reasons set forth above, Kogok's motion to amend the complaint (ECF No. 62) is GRANTED.  Within **ten days of filing its amended complaint**, Kogok is DIRECTED to file a reformulated amended complaint, as earlier described in this memorandum opinion and

12

order.  Finally, a ruling on Kogok's motion to amend the scheduling order (ECF No. 71) is DEFERRED until the parties contact this Court after meeting and conferring about any modifications that may be deemed necessary.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

    DATED:    April 8, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE